68 F.3d 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carol GUERRERO-JIRON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70202.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carol Guerrero-Jiron, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ"), denying Guerrero-Jiron's application for asylum and withholding of deportation under sections 208(a) and 242(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Secs. 1158(a) and 1253(h), and granting her voluntary departure. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 * Background
 
 
 4
 On August 15, 1989, the Immigration and Naturalization Service ("INS") issued Guerrero-Jiron an order to show cause why she should not be deported as an alien who entered the United States without inspection in violation of section 241(a)(2) of the INA, 8 U.S.C. Sec. 1251(a)(2). Guerrero-Jiron, represented by counsel, conceded deportability, but sought asylum and withholding of deportation or in the alternative voluntary departure.
 
 
 5
 In her application for asylum, Guerrero-Jiron stated that she was perceived as having political opinions contrary to the Sandinistas because her mother and step-father were active members of the Conservative Party. Guerrero-Jiron also stated that, despite the election of Violeta Chamorro, she may be subjected to harm if returned to Nicaragua.
 
 
 6
 At her deportation hearing, Guerrero-Jiron testified that she left Nicaragua at the age of fifteen because the Sandinista government would not allow her to progress with her studies. Guerrero-Jiron admitted, however, that she was never detained, arrested or physically harmed in any way while she lived in Nicaragua. Nor were her parents harmed in any way.
 
 
 7
 The IJ found that Guerrero-Jiron failed to meet her burden of establishing past persecution or a well-founded fear of persecution on account of an imputed political opinion. Consequently, the IJ denied Guerrero-Jiron's application for asylum and withholding of deportation, but granted her voluntary departure.
 
 
 8
 After reviewing the entire record, the BIA affirmed the IJ's decision and dismissed Guerrero-Jiron's appeal. Guerrero-Jiron timely petitions for review.
 
 II
 Merits
 
 9
 Guerrero-Jiron contends that the BIA erred by denying her request for asylum because she offered sufficient evidence to establish persecution or a well-founded fear of persecution. Specifically, Guerrero-Jiron contends that the BIA's decision is not supported by substantial evidence. This contention lacks merit.
 
 
 10
 We review the factual findings underlying the BIA's denial of asylum and withholding under the substantial evidence standard. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir. 1992). We will reverse the BIA's determination only if the evidence presented to the Board is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); accord Prasad v. INS, 47 F.3d 336, 338 (9th Cir. 1995).
 
 
 11
 To establish eligibility for asylum based on persecution or a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir. 1993). The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by 'credible, direct, and specific evidence of facts supporting a reasonable fear of persecution"' on account of one of the enumerated grounds. Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir. 1988) (per curiam)).
 
 
 12
 Here, there is substantial evidence to support the BIA's determination. Although Guerrero-Jiron's testimony may have established that she genuinely feared persecution if returned to Nicaragua, see Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir. 1992), she adduced no evidence to support an objective well-founded fear of persecution, see Rodriguez-Rivera, 848 F.2d at 1002.
 
 
 13
 Guerrero-Jiron failed to show that she was harmed as a result of her mother and step-father's membership in the Conservative Party. See Desir v. Ilchert, 840 F.2d 723, 726-27 (9th Cir. 1988) (stating that persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive") (internal quotations omitted). Guerrero-Jiron was neither detained nor arrested. Nor was she beaten or physically harmed. Cf. id. at 727 (holding that detention combined with physical attacks can amount to persecution). Although Guerrero-Jiron claimed that she was denied the opportunity to pursue her studies, this does not amount to persecution. Cf. Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir. 1995) (holding that the IJ did not abuse his discretion by denying asylum to an individual who alleged, inter alia, that he was prevented from advancing to the university).
 
 
 14
 Moreover, Guerrero-Jiron's application for asylum is further undermined by the changes in Nicaragua since 1990, see Acewicz, 984 F.2d at 1061, notwithstanding the newspaper articles she cited in her brief before the BIA.
 
 
 15
 Finally, we reject Guerrero-Jiron's contention that the IJ violated her due process rights by failing to request a Department of State letter as required by 8 C.F.R. Sec. 242.17(c)(3) because she failed to raise the issue before the BIA.[1] See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir. 1994) (holding that due process claims involving procedural errors which the BIA can correct must be raised before the BIA).
 
 
 16
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum and because Guerrero-Jiron has failed to meet the lower standard for eligibility for asylum, we also affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 17
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In any event, we note that a review of the record indicates that Guerrero-Jiron waived her right to that letter at her deportation hearing